IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNA LISA WHITAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-535 |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

O R D E R

AND NOW, this 29th day of March, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]   Plaintiff raises the following arguments: (1) the Administrative Law Judge ("ALJ") failed to adequately evaluate the opinion of Plaintiff's treating physician and wrongfully rejected this opinion; (2) the residual functional capacity ("RFC") finding does not account for the "total limiting effects" of Plaintiff's severe impairments; (3) the hypothetical posed to the vocational expert ("VE") does not account for Plaintiff's prescribed use of a walker; and (4) the ALJ wrongfully rejected Plaintiff's testimony.  (Doc. No. 11).  For the following reasons, the Court disagrees and finds the ALJ's decision to be supported by substantial evidence.

Plaintiff first argues the ALJ failed to adequately evaluate the opinion of Plaintiff's treating physician, Stacy Bartlett, M.D., and improperly rejected this opinion.  (*Id.*, pp. 10-18).  Plaintiff specifically takes issue with the ALJ's comments that Dr. Bartlett's opinion was "excessive, exaggerated, and inconsistent with the record as a whole" and that the opinion presented in a check-box format, with the ALJ's finding that Dr. Bartlett "gave no explanation beyond the claimant's diagnosis to support the findings[,]" and with the ALJ's conclusion that Plaintiff's need for assistive devices was inconsistent with the notation that she could walk a block at a reasonable pace.  (*Id.,* p. 16 (citing R. 25)).  The Court first notes that for cases such as this one, filed on or after March 27, 2017, the regulations have eliminated the "treating physician rule."  *Compare* 20 C.F.R. § 404.1527(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. § 404.1520c(a) (applying to later cases).  *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017).  While the medical source's treating relationship with the claimant is still a valid and important consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability."  82 Fed. Reg. at 5853.  *See also* §§ 404.1520c(b) and (c).

In this matter, the ALJ adequately evaluated Dr. Bartlett's opinion and properly found this opinion to be of "little persuasive value."  (R. 25).  The ALJ began by noting that Dr. Bartlett opined that Plaintiff was very limited in that she could only occasionally carry up to 10 pounds, sit for 1 hour, stand for 15 minutes, and walk for 10 minutes in an 8-hour workday.  (*Id.*).  The ALJ properly evaluated this opinion by noting it was inconsistent with the doctor's own assessment and was not supported, as Dr. Bartlett merely checked boxes on her Medical Source Statement indicating limitations and gave no explanation beyond Plaintiff's diagnosis to support her findings.  (*Id.*; Ex. 16F).  Indeed, the record supports the ALJ's analysis as Dr. Bartlett's opined limitations were inconsistent with her own assessment, as explained by the ALJ.  (R. 25).  Moreover, the ALJ was correct to note that Dr. Bartlett's Medical Source Statement did not contain explanations for the limitations she opined on the check-box form.  (*Id.*; Ex. 16F).  The ALJ is

2

justified in using this as a reason to discount Dr. Bartlett's opinion as the Third Circuit has acknowledged that these check-box forms are "weak evidence at best." *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993). Moreover, the ALJ properly noted that Dr. Bartlett did not state what Plaintiff could do for the remaining hours of the workday unaccounted for by her sit, stand, and walk limitations. (R. 25; Ex. 16F/2). The ALJ could not conclude that Dr. Bartlett meant to write that Plaintiff had to remain lying down the rest of the day, as Plaintiff argues. *See Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quotation omitted) (noting "an ALJ may not make speculative inferences from medical reports"). Further, while the ALJ did not specifically note that Dr. Bartlett wrote that Plaintiff could only walk with a walker, (R. 721), the ALJ considered this as he cited Dr. Bartlett's Medical Source Statement and included analysis of Plaintiff's use of a cane and a walker. (*see* R. 21, 25). Accordingly, the ALJ's analysis and rejection of Dr. Bartlett's opinion is supported by substantial evidence.

Plaintiff next argues that the RFC finding does not incorporate all of Plaintiff's conditions. (Doc. No., pp. 1-10). Specifically, Plaintiff contends the ALJ did not account for her severe impairments of lupus and chronic pain syndrome and did not account for her use of assistive devices in the RFC. (*Id.*). However, the ALJ is permitted to craft the ultimate RFC assessment; indeed, the Third Circuit Court of Appeals has made clear that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011); *see also* 20 C.F.R. §§ 404.1520b(c)(3), 404.1546(c); SSR 96-5, 1996 WL 374183 (S.S.A.) (July 2, 1996). Moreover, for the use of an assistive device to be included in the RFC, the record would have to show that the use was medically necessary as well as the circumstances under which the device was required. *See Drowell v. Berryhill*, Civ. No. 17-795, 2018 WL 3574890, at *2 (W.D. Pa. July 25, 2018) (citations omitted).

In this case, the ALJ assessed Plaintiff's RFC as follows:

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except for the following limitations. The claimant can climb ramps and stairs occasionally, but never climb ladders, ropes, or scaffolds. She can maintain balance over narrow, slippery, or erratically moving surfaces occasionally, as well as occasionally stoop, kneel, and crouch, but never crawl. The claimant can work at unprotected heights and in close proximity to (i.e., within arm's reach of) dangerous moving mechanical parts frequently. She must avoid concentrated exposure to extreme heat, cold, humidity, vibration, and excessive levels of dust, noxious odors, fumes, and other pulmonary irritants.

(R. 19-20). Prior to this, the ALJ found that Plaintiff had the severe impairments of systemic lupus erythematosus ("SLE"), chronic pain syndrome, and osteoarthritis. (R. 17). The ALJ adequately accounted for Plaintiff's SLE and chronic pain syndrome by noting many of Plaintiff's SLE and chronic pain symptoms and coming to the conclusion that the "medical evidence of record [did] not establish that the [Plaintiff's] symptoms would prevent her from performing all work-related activities." (R. 21). Specifically, the ALJ noted many of Plaintiff's physical symptoms, including joint pain and stiffness, poor sleep, dizzy spells, and balance issues, among others. (R. 20-21). Further, after surveying the medical evidence and noting many of Plaintiff's exam findings, the ALJ again concluded that "the medical records do not document any physical examination findings that significantly impede the claimant's functional ability to perform all work-like activities on a regular and continuing basis." (R. 22). Additionally, with respect to assistive devices, the ALJ noted that while Plaintiff alleged a constant need to use a cane, she was regularly able to ambulate independently without the use of any assistive devices. (R. 22). While Plaintiff was previously prescribed a walker (R. 749), there is no evidence that this prescription is current, and the doctor who prescribed it, Dr. Bartlett, even stated that Plaintiff no longer needed a walker to ambulate a year after it was prescribed. (R. 725). Since there is no evidence that Plaintiff has the medical necessity for use of a walker, it was reasonable for the ALJ not to include this in the RFC. *See Howze v. Barnhart*, 53 Fed. Appx. 218, 222 (3d Cir. 2002) (finding evidence showing that a doctor prescribed a cane and claimant used a cane with "no discussion of its medical necessity" is "insufficient to support a finding that his cane was medically necessary."). In sum, the ALJ's analysis and RFC finding are supported by substantial evidence.

Plaintiff similarly argues that the hypothetical questions posed to the VE did not account for Plaintiff's use of assistive devices. (Doc. No. 17-18). Plaintiff contends she uses both a cane and a walker and the ALJ was obligated to explicitly consider this by consulting with the VE about its effect on Plaintiff's ability to perform jobs at any exertion level. (*Id.*, pp. 8, 17). Plaintiff's argument, however, is at odds with her hearing testimony. Specifically, Plaintiff testified that she only occasionally uses a walker a few times per month (R. 56), and the ALJ acknowledged this in the decision. (R. 21). Plaintiff also did not state that she uses a cane or a walker in her function report. (R. 289). Moreover, while Dr. Bartlett prescribed Plaintiff a walker on December 19, 2020, (R. 749), Dr. Bartlett stated that Plaintiff no longer needed a walker on January 27, 2021, by checking "yes" to the question: "can the individual ambulate without using a wheelchair, walker, or 2 canes or 2 crutches?" and handwriting "1 cane" next to this. (R. 725). Therefore, the ALJ reasonably concluded that Plaintiff did not require a walker and took only Plaintiff's use of a cane under consideration in the VE hypothetical. The VE testified that an individual, such as Plaintiff, who needed a cane for balance and ambulation could still perform her past relevant work as well as three additional jobs. (R. 69). Accordingly, the ALJ's hypothetical questions posed to the VE are supported by substantial evidence.

---

Lastly, Plaintiff posits that the ALJ wrongfully rejected Plaintiff's subjective testimony. (Doc. No. 11, pp. 18-24). Specifically, Plaintiff takes issue with the ALJ's reasoning for rejecting her testimony, including that her care was "conservative," that she did not pursue further physical therapy or orthopedic visits, that there was no evidence of chronic pain, and that Plaintiff's daily activities were inconsistent with her testimony. (*Id.*) It is important to remember that, while a claimant's testimony regarding his or her subjective complaints is certainly relevant, an ALJ is not under an obligation to simply accept what the claimant said without question. *See* 20 C.F.R. § 404.1529(c)(4); *Chandler*, 667 F.3d at 363.

To the extent that Plaintiff argues that the ALJ gave insufficient consideration to her testimony about the pain and limiting effects caused by her impairments, the Court notes that, as a general matter, when an ALJ has articulated reasons supporting a "credibility" determination, that determination is afforded significant deference. *See Horodenski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003). Here, the Court finds that there was sufficient evidence to support the ALJ's findings regarding the veracity of Plaintiff's subjective complaints. Further, it was within reason for the ALJ to find that Plaintiff's care was "conservative" and to note that Plaintiff did not pursue physical therapy or orthopedic visits as reasons to find her testimony inconsistent with the greater record. *See Phillips v. Barnhart*, 91 Fed. Appx. 775, 782 (3d Cir. 2004) (affirming the ALJ's decision and considering the claimant's conservative treatment history following surgery as a factor that supported the ALJ's determination to discount claimant's subjective complaints); *Mason*, 994 F.2d at 1068 (stating the claimant's failure to seek treatment can be used by an ALJ as part of a valid credibility determination). Similarly, the ALJ acted reasonably by rejecting Plaintiff's testimony because there was no objective evidence of chronic pain and Plaintiff's daily activities were inconsistent with her testimony. *See Burns v. Barnhart*, 312 F.3d 113, 129-30 (3d Cir. 2002) (affirming the ALJ's credibility analysis where the claimant's daily activities seemed to belie the assertion that the pain was chronic and disabling). Here, the ALJ's rejection of Plaintiff's subjective complaints were supported by objective medical evidence. Namely, Plaintiff's physical examinations demonstrated no significant musculoskeletal abnormalities and treatment notes showed relatively good control and relief of pain symptoms. (R. 23). Further, as the ALJ noted, the record did not show any signs of chronic pain. (*Id.*). In sum, the ALJ's analysis of Plaintiff's subjective complaints is supported by substantial evidence.

Accordingly, for the reasons set forth herein, the Court affirms the decision of the ALJ.

5


Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED.

          s/Alan N. Bloch
          United States District Judge

ecf:      Counsel of record